**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6395**

ANTONIO W. SMITH,

                Petitioner - Appellant,

     v.

M. BRECKEN, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Norman K. Moon, Senior District Judge.  (7:19-cv-00016-NKM-JCH)

Submitted:  August 20, 2020                Decided:  August 25, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTELBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Antonio W. Smith, Appellant Pro Se.  Jeb Thomas Terrien, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio W. Smith, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which Smith sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence [when]: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

On appeal, Smith insists that he is no longer a career offender after *Descamps v. United States*, 570 U.S. 254 (2013). Smith nonetheless fails to address the district court's primary determination that he failed to satisfy the *Wheeler* requirements. *See* 4th Cir. Rule 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Even affording his informal briefs a liberal construction, however, we find no reversible error and, thus, affirm the district court's order. *Smith v. Breckon*, No. 7:19-cv-00016-NKM-JCH (W.D. Va. Mar. 13, 2020). We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*